IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**DANIELLE SHANNON GAILES**                                                                    **PLAINTIFF**

**v.**                                                         **No. 4:14CV117-NBB-JMV**

**RICKEY SCOTT**
**SUPERINTENDENT EARNEST LEE**                                             **DEFENDANTS**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* prisoner complaint of Danielle Shannon Gailes, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. Gailes filed suit seeking injunctive relief: his removal from classification as a member of a Security Threat Group. The defendants have moved [13] for summary judgment, arguing that, as Gailes has been removed from STG status, the issue has become moot. Gailes has not responded to the motion, and the deadline to do so has expired. For the reasons set forth below, the defendants' motion [13] will be granted, and this case will be dismissed as moot.

**Summary Judgment Standard**

Summary judgment is appropriate if the "materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a) and (c)(1). "The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the nonmoving party to carry its burden." *Beck v. Texas State Bd. of Dental Examiners*, 204 F.3d 629,

633 (5th Cir. 2000) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), *cert. denied*, 484 U.S. 1066 (1988)).  After a proper motion for summary judgment is made, the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial.  *Anderson v. Liberty Lobby,* Inc., 477 U.S. 242, 249, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986); *Beck*, 204 F.3d at 633; *Allen v. Rapides Parish School Bd.*, 204 F.3d 619, 621 (5th Cir. 2000); *Ragas v. Tennessee Gas Pipeline Company*, 136 F.3d 455, 458 (5th Cir. 1998).  Substantive law determines what is material.  *Anderson*, 477 U.S. at 249.  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted."  *Id.*, at 248.  If the non-movant sets forth specific facts in support of allegations essential to his claim, a genuine issue is presented.  *Celotex*, 477 U.S. at 327.  "Where the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial."  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 89 L. Ed. 2d 538 (1986); *Federal Savings and Loan, Inc. v. Krajl*, 968 F.2d 500, 503 (5th Cir. 1992).  The facts are reviewed drawing all reasonable inferences in favor of the non-moving party.  *Allen*, 204 F.3d at 621; *PYCA Industries, Inc. v. Harrison County Waste Water Management Dist.*, 177 F.3d 351, 161 (5th Cir. 1999); *Banc One Capital Partners Corp. v. Kneipper*, 67 F.3d 1187, 1198 (5th Cir. 1995). However, this is so only when there is "an actual controversy, that is, when both parties have submitted evidence of contradictory facts."  *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994); *see Edwards v. Your Credit, Inc.*, 148 F.3d 427, 432 (5th Cir. 1998).  In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts."  *Little*, 37 F.3d at 1075 (emphasis omitted).

## Undisputed Material Facts[1]

Gailes has been labeled as a member of the Vice Lords gang since 2008. He claims that the label has been mistakenly applied to him, and he has tried repeatedly to have the designation removed. However, each person he asks says he does not have the power to grant the request. Rickey Scott is the gang coordinator, and he responded to Gailes' grievance in that manner. No one has denied that the designation may be incorrect, but no one has looked into the matter or tried to correct it. Gailes is 34 years old and is partially paralyzed on his right side. He is thus unable to defend himself if attacked, which is more likely if he is designated as a gang member. Given his health problems, he would like to be transferred to a medical unit, but the gang designation makes that impossible. He runs into the same problem when he applies for the few prison jobs he could perform with his condition. He would like for the gang designation to be removed from his record.

As shown in the exhibit attached to the defendants' motion for summary judgment, the Mississippi Department of Corrections' Security Threat Group ("STG") Evaluation Committee has convened and reviewed Gailes for release from Active STG status and placement on Inactive status. The Committee unanimously agreed to release Gailes from Active status because Gailes has renounced membership and affiliation with all STGs – and because Gailes has no record of participation in any STG disruptive or destructive activities within the past two years.

## Discussion

"To satisfy Article III of the United States Constitution, an actual, ongoing case or controversy must exist." *Grinols v. Mabus*, 796 F. Supp. 972, 974 (N.D. Miss. 1992) (citing *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477, 110 S. Ct. 1249, 1253, 108 L. Ed.2d 400 (1990)). "Article III denies federal courts the power to 'decide questions that cannot affect the rights of litigants in the case before

---

[1] For the purposes of this memorandum opinion only, the court has construed the facts of this case in the light most favorable to the plaintiff (the non-moving party).

them,' and confines them to resolving 'real and substantial controvers[ies] admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.' " *Lewis*, 494 U.S. at 477.

"A case becomes moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome of the litigation." *Grinols*, 796 F. Supp at 974 (citing *Murphy v. Hunt*, 455 U.S. 478, 481, 102 S. Ct. 1181, 1183, 71 L. Ed.2d 353 (1982). "The 'case or controversy' requirement exists at all stages of the litigation, and 'it is not enough that a dispute was very much alive when suit was filed....' " *Id.* (quoting *Lewis*, 494 U.S. at 477, 110 S. Ct. at 1253). As Gailes' sole request for relief (reclassification as a non-STG member) has now been rendered moot by the actions of the MDOC, the motion by the defendants for summary judgment will be granted, and instant case will be dismissed as moot.

**SO ORDERED**, this, the 13th day of April, 2015.

/s/ Neal Biggers
NEAL B. BIGGERS
SENIOR U. S. DISTRICT JUDGE